### DENNISON v. MUSGRAVE.

(City Court of New York, General Term. March 6, 1899.)

PLEADING—AMENDMENTS.

    Where it was apparent, after a first trial, that the complaint alleged facts which plaintiff could not prove, it was proper to refuse to allow an amendment, where the motion therefor was not made until during the second trial.

Appeal from trial term.

Action by James A. Dennison against Fannie E. Musgrave. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before FITZSIMONS, C. J., and SCHUCHMAN, J.

Frederick G. Wetterau, for appellant.
Franklin Bien, for respondent.

PER CURIAM. The evidence fails to show that plaintiff was engaged by defendant, or her duly-authorized agent, to render the services sued for herein. It was his duty, under the pleading, to submit such proof. His failure to do so entitled the trial justice to dismiss the complaint.

The trial justice, we think, was right in refusing the amendment of the complaint as asked for by plaintiff at the trial. He was guilty of laches in waiting until that time to make such application. It was clearly his duty to have done so just after the first trial, because it was then made apparent that his complaint alleged facts which he could not prove. Then followed the opinion of the general term of this court, which also indicated the weakness of plaintiff's complaint on this proof. Notwithstanding these warnings, he neglected to apply to have his complaint amended until during the second trial, evidently disregarding the suggestions of this court at its trial and general terms, as just pointed out, and intending to rely upon his complaint as then framed, and believing that he had ample evidence to sustain its allegations. Under these circumstances, we think the trial justice was right in refusing to allow the amendment asked for. The plaintiff should suffer for his error of judgment and his obstinacy.

Judgment affirmed, with costs.